IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEDRICK ROBERTS,

    Plaintiff,

      v.

JOHN CHRISTNER TRUCKING, LLC,
et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-4386-TWT

### OPINION AND ORDER

This is a personal injury action. It is before the Court on Defendant Leah Zilth's Motion to Dismiss [Doc. 55]. For the reasons set forth below, Defendant Zilth's Motion to Dismiss [Doc. 55] is GRANTED in part and DENIED in part.

### I.    Background

This dispute arises from a motor vehicle collision in June 2023 involving Plaintiffs Dedrick Roberts and Johnna Roberts and Defendants Leah Zilth and John Christner Trucking, LLC ("Christner Trucking"). (1st Am. Compl. ¶ 1 [Doc. 29].) At the time of the incident, Defendant Zilth was operating a tractor trailer in the scope of her employment with Defendant Christner Trucking. (*Id.* ¶¶ 36–40.) Plaintiff Dedrick Roberts was operating the other vehicle involved. He filed suit in state court seeking to recover for the "severe and permanent injuries" he sustained from the collision. (*Id.* ¶¶ 25, 44.) The Defendants later removed this action to federal court based on diversity jurisdiction. (Notice of Removal ¶ 5 [Doc. 1].) In 2025, this Court authorized the Plaintiff to add his

wife Johnna Roberts as an additional party-plaintiff. (Apr. 8, 2025, Order, at 1 [Doc. 27].) The Plaintiffs subsequently filed their First Amended Complaint, which contains state law claims for negligence (Counts I–II, IV), loss of consortium (Counts III), and punitive damages (Count V).

Zilth now moves to dismiss Dedrick Roberts's personal injury claims as barred by the statute of limitations and Johnna Roberts's loss of consortium claim as lacking effective process and effective service of process. Zilth seeks dismissal under Rule 12(b)(6) and Rule 12(c). The Court will construe her insufficient process and insufficient service of process arguments under Rules 12(b)(4) and 12(b)(5).

## II.   Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts and even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 994–95 (11th Cir. 1983);

2

*see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that, at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." A court should grant a motion for judgment on the pleadings where "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018).

A complaint should be dismissed under Rule 12(b)(4) for "insufficient process" and under Rule 12(b)(5) for "insufficient service of process." Under Rules 4(c) and 4(m), a plaintiff must serve the summons and a copy of the complaint within 90 days of filing the complaint. Fed. R. Civ. P. 4(c) (regarding process); Fed. R. Civ. P. 4(m) (regarding the timing of service). If a plaintiff

3

fails to do so, the Court "must dismiss the action without prejudice against the defendant *or* order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added) (authorizing a court to act "on motion or on its own after notice to the plaintiff"). While courts generally retain discretion to extend the time for service for an appropriate period, they are required to do so where a plaintiff "shows good cause for the failure." *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (affording courts discretion absent a showing of good cause); Fed. R. Civ. P. 4(m) (requiring an extension following a showing of good cause).

### III.   Discussion

#### A. Statute of Limitations as to Dedrick Roberts

Zilth asks this Court to dismiss Plaintiff Dedrick Roberts's personal injury claims as barred by Georgia's statute of limitations. In Georgia, the statute of limitations for Plaintiff Dedrick Roberts's personal injury claims is two years. O.C.G.A. § 9-3-33. Where a plaintiff files a complaint within the required period yet serves the relevant defendants only after the period has expired, Georgia law contains an additional "service-and-diligence rule" that determines whether the action is time-barred—as a matter of substantive state law.[1] *Wilson v. Hearos, LLC*, 128 F.4th 1254, 1263–64 (11th Cir. 2025)

---

[1] As the Eleventh Circuit explained, "[a] federal court has no authority to extend a state-defined statute of limitations," so the Court must apply Georgia's service-and-diligence rule notwithstanding the Court's discretion to

(holding that federal courts sitting in diversity must apply Georgia's service-and-diligence rule since it is substantive law embedded within the state's statute of limitations). Under the service-and-diligence rule, "the timely filing of the complaint tolls the statute only if the plaintiff shows that he acted in a reasonable and diligent manner in attempting to ensure that a proper service was made as quickly as possible." *Lipscomb v. Davis*, 335 Ga. App. 880, 880 (2016) (quoting *Slater v. Blount*, 200 Ga. App. 470, 472 (1991)). It further provides that, once a defendant raises defective service as an affirmative defense, the standard is heightened to whether the plaintiff acted with "the greatest possible diligence to ensure proper and timely service." *Griffin v. Trinidad*, 357 Ga. App. 492, 495 (2020) (citation omitted).

Here, the Plaintiffs timely filed their state court complaint in August 2024, in advance of the June 2025 deadline set by the statute of limitations. Zilth first asserted affirmative defenses regarding defective service and personal jurisdiction in October 2024. The Plaintiffs purported to serve Zilth in February 2026—approximately 1.5 years later—under Georgia's Non-Resident Motorist Act, O.C.G.A. §§ 40-12-1 to 40-12-2. Because Zilth noticed the Plaintiffs regarding defective service, the Plaintiffs must show they acted with "the greatest possible diligence" in perfecting service from October

---

extend the service period under Federal Rule 4(m). *Wilson v. Hearos, LLC*, 128 F.4th 1254, 1264 (11th Cir. 2025).

2024 and onward.

The Plaintiffs claim they made the following attempts to serve Zilth. They reportedly retained a process server in August 2024, within ten days of filing their state court complaint, to serve Zilth in Cameron, Arizona. (*See generally* Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, Ex. A [Doc. 58-1].) Approximately two weeks later, they requested service through the Coconino County Sheriff. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 5 [Doc. 58].) But the county sheriff was unable to locate Zilth after attempting service over the course of three days in September 2024. (*Id.*) Between then and February 2025, the Plaintiffs claim that they were investigating Zilth's location to no success, due to "inaccurate or changing address information." (*See id.* at 5–6.) In February 2025, the Plaintiffs contacted Zilth's counsel to seek a waiver of service but received no response. (*Id.*) The Plaintiffs retained Ancillary Legal Corporation ("Ancillary") in March 2025 to conduct a "skip trace" (an investigation into elusive individuals) and determined that Zilth resided at a new location on a Navajo Indian Reservation. (*Id.* at 6.) The Plaintiffs attempted again to seek a waiver of service in July 2025, which was declined, and then authorized Ancillary to attempt service in September 2025. (*Id.* at 5–6) Ancillary halted its attempt upon learning it was not legally authorized to enter the reservation. (*Id.* at 6.) The Plaintiffs claim they were finally able to effect service in February 2026 through the Georgia Secretary

of State. (*Id.*) Zilth does not contest these events or timeline; she only argues that the attempts do not meet Georgia's "greatest possible diligence" standard. (Reply Br. in Supp. of Def.'s Mot. to Dismiss, at 2–3 [Doc. 64].)

The Court holds that the Plaintiffs' delayed service does not satisfy the greatest possible diligence standard. While the Court acknowledges the Plaintiffs' repeated and varied service attempts between August 2024 and February 2026, the Court cannot say the Plaintiffs exercised the "greatest possible diligence" given the unexplained lapses in time between several of the attempts. In particular, the Plaintiffs state that they received the results of the skip trace in March 2025 yet did not attempt service again until September 2025, approximately six months later. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 6.) The Plaintiffs then waited until February 2026, approximately five months after that, to attempt service again through the Georgia Secretary of State. (*Id.*) The Plaintiffs offer no explanation for these months-long delays.

Georgia courts have dismissed cases for failure to satisfy the greatest possible diligence standard under similar circumstances. *See, e.g.*, *Moore v. Wilkerson*, 283 Ga. App. 340, 342 (2007) (acknowledging the plaintiff's repeated attempts, but holding that they did not meet the greatest possible diligence standard given unexplained six- and seven-month delays between attempts); *Williams v. Patterson*, 306 Ga. App. 624, 627–28 (2010) (affirming

dismissal where the periods between service attempts were approximately 2.5 months in two instances); *Life Cycle OB/GYN, LLC v. Gill*, 375 Ga. App. 837, 840–41 (2025) (reversing the trial court's denial of the defendant's motion to dismiss, where there was a three-month gap between service attempts). Indeed, Georgia courts have dismissed cases for even shorter delays—counted in days or weeks. *See, e.g.*, *Rodriguez v. State Farm Mut. Auto. Ins. Co.*, 366 Ga. App. 65, 67–69 (2022) (affirming dismissal after a twenty-eight day lapse); *Davis v. Bushnell*, 245 Ga. App. 221, 222 (2000) (affirming dismissal where lapses were between three weeks and forty-eight days). Because the Plaintiffs' months-long delay between service attempts does not amount to the greatest diligence possible, the Court dismisses Plaintiff Dedrick Roberts's personal injury claims under Rule 12(b)(6) as barred by the statute of limitations.

### B. Service of Process as to Johnna Roberts

Zilth argues that Plaintiff Johnna Roberts's loss of consortium claim must be dismissed for insufficient service of process and insufficient process (and therefore lack of personal jurisdiction). (Def.'s Mot. to Dismiss, at 8 [Doc. 55].) Specifically, Zilth argues that the Plaintiffs' attempt to serve her in February 2026 not only was untimely but also included an old state court summons rather than the proper federal court summons. (*Id.* at 8–9.) Unlike with Plaintiff Dedrick Roberts's claims, Georgia's statute of limitations is not restrictive here, as the statute of limitations for loss of consortium claims is

8

four years. O.C.G.A. § 9-3-33; *see also Huddle v. Heindel*, 347 Ga. App. 819, 826 (2018) ("The running of limitation for a personal injury claim does not bar a derivative loss of consortium claim.").

The Court will exercise its discretion under Rule 4(m) to extend the time necessary for service. Courts may consider a variety of factors in determining whether extending the time for service is appropriate, including whether the statute of limitations would "bar the refiled action," "the defendant is evading service or conceals a defect in attempted service," the defendant received actual notice of the suit, and service has since been perfected. *Horenkamp*, 402 F.3d at 1132–33 (quoting Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment); *Ward v. Glynn Cnty. Bd. of Comm'rs*, 2016 WL 4269041, at *11 (S.D. Ga. Aug. 11, 2016) (listing the factors considered in *Horenkamp* with approval). Here, Zilth received actual notice of this suit by October 2024—as evidenced by her special appearance—and was served a copy of the complaint and a state court summons in February 2026. These factors, in conjunction with Zilth's apparent evasion of service and the Plaintiffs' prior attempts to serve Zilth, militate in favor of extending the service period. The Court therefore finds it appropriate to extend the service period to allow the Plaintiffs to perfect service, including by serving the proper federal court summons. The Plaintiff Johnna Roberts shall have twenty-one days from the date of this Order to perfect service as to Defendant Leah Zilth.

### IV.    Conclusion

For the reasons set forth above, Defendant Leah Zilth's Motion to Dismiss [Doc. 55] is GRANTED in part and DENIED in part. The Motion is GRANTED as to Plaintiff Dedrick Roberts's personal injury claims, which are time-barred and hereby dismissed with prejudice as to the Defendant Leah Zilth only. The Motion is DENIED as to Plaintiff Johnna Roberts's loss of consortium claim. Plaintiff Johnna Roberts shall have twenty-one days from the date of this Order to perfect service as to Defendant Leah Zilth.

SO ORDERED, this ___8th___ day of July, 2026.


THOMAS W. THRASH, JR.
United States District Judge

10